## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DAVID GETER,**

**Plaintiff,**

**vs.**                                                                 **Civ. No.  05-94 JH/DJS**

**ARDENT HEALTH SERVICES, INC.,**
**f/k/a ST. JOSEPH HEALTHCARE**
**SYSTEMS, INC., et al.,**

**Defendants.**

## MEMORANDUM OPINION AND ORDER

The subject of this Memorandum Opinion and Order is *Defendant Ardent Health Services, Inc.'s  Motion to Set Aside Default Judgment* [Doc. No. 19].  The case stems from Plaintiff's claim for disability benefits owed to him from the St. Joseph Long-Term Disability Plan under Section 502 of ERISA.  Having reviewed the evidence presented, the arguments of counsel, and legal authorities, the Court concludes that the motion should be granted.

## DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure strikes a delicate balance between two countervailing impulses of the judiciary: "The desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc*., 715 F.2d 1442, 1444 (10th Cir. 1983) (internal quotations omitted).  Under Rule 60(b)(1), "the court may relieve a party ... from a final judgment ... for ... mistake, inadvertence, surprise, or excusable neglect."  In order to grant a Rule 60(b) motion the district court must make two distinct findings: "a justification for relief [under one of the

clauses of the rule] and a meritorious defense." *Olson v. Stone (In re Stone)*, 588 F.2d 1316, 1319 (10th Cir. 1978). Under the second prong of the analysis, whether a meritorious defense exists, the movant's factual allegations are taken as true and all reasonable inferences are made in its favor. *Olson*, 588 F.2d at 1319 (citations omitted).

In this case, Plaintiff David Geter ("Geter") sued Defendant Ardent Health Services, Inc. ("AHS, Inc."), and on March 10, 2005, he served AHS, Inc. by mailing a copy of the summons and complaint to the New Mexico office of Corporate Services Company ("CSC"). However, the unrefuted evidence before the Court indicates that during the relevant time period, AHS, Inc. was not registered to do business in New Mexico. Aff. of Stephen Petrovich at ¶ 4. Rather, AHS, Inc.'s agent for service is CSC in Delaware, the state of its incorporation. Pltf's Ex. 1, Art. II. When Geter attempted to serve AHS, Inc. in New Mexico at CSC's New Mexico office, it rejected that service. Deft's Ex. B.

AHS, Inc. argues that its failure to answer is based on "mistake, inadvertence, surprise, or excusable neglect" because it was never properly served, through no fault of its own. AHS, Inc. contends that it had no registered agent for service of process in New Mexico because it never registered to do business here. It argues that CSC's New Mexico office properly refused service because it was not authorized to accept service for AHS, Inc. On the other hand, Geter argues that service was proper. He points to the fact that CSC is the registered agent for AHS, Inc. in Delaware, implicitly arguing by extension that CSC must be the proper agent for service of AHS, Inc. in New Mexico. The Court rejects this argument. A company may designate a different agent for service in each state, or only for some states. The mere fact that an agent is authorized to accept service in one state does not necessarily mean that it may accept service in another. *See Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1 (D.D.C. 2004) (finding that the plaintiff did not effect proper

service on the corporate defendant when he served the complaint on a company that was not the designated agent for the defendant in the jurisdiction, notwithstanding that the company was the designated agent for the defendant in other jurisdictions).

Next, Geter offers extrinsic evidence that CSC was authorized to accept service for AHS, Inc., in New Mexico in the form of the Affidavit of James Ellis, Geter's attorney.  Mr. Ellis avers that he represented another client in litigation against AHS, Inc. in 2004 and that he served Gail McKinnon of CSC in New Mexico with the complaint and summons for AHS, Inc.  *See* Aff. of James Ellis and exhibits thereto.  The parties later settled the case, with no apparent rejection of service or arguments about whether service was proper.  Thus, Geter contends that CSC was authorized to accept service for AHS, Inc. in New Mexico.  AHS, Inc. does not dispute these facts. Instead, AHS, Inc.'s only response to this argument is that the 2004 service and settlement took place before AHS, Inc. was sold on July 1, 2005.  It is unclear to the Court how this is relevant, because service on AHS, Inc. in this case took place in March of 2005, also before the company was sold.  *See* Docket No. 5.  Based on this history, it appears that counsel for Geter had a reasonable basis to believe that he served the proper agent for AHS, Inc. in New Mexico by serving CSC's New Mexico office.  On the other hand, that belief should have been undermined when counsel for Geter received correspondence from CSC informing him that it could not accept service on behalf of AHS, Inc.  *See* Deft's Ex. B.  Geter does not explain why, after receiving this correspondence from CSC's New Mexico office, he did not take steps to effect proper service upon AHS, Inc.  AHS, Inc. may have merely decided to waive proper service in that prior litigation.  In any event, the service of AHS, Inc. in another case does not conclusively demonstrate proper service in this case.

The Court finds it telling that AHS, Inc. does not deny that it had actual notice of Geter's

3

complaint.[1]  However, actual notice does not by itself constitute valid service of process.  *Robinson Engineering Co. Pension Plan and Trust v. George*, 223 F.3d 445, 453-54 (7th Cir. 2000); *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993) ("Notice to a defendant that he has been sued does not cure defective service . . .).  The burden rests with Geter to show that he effected proper service on AHS, Inc.  *Georg*e, 223 F.3d at 453; *St. Amand v. Smith*, 1994 WL 146165 *1 (9th Cir. 1994) (unpublished).  Because Geter has not demonstrated that CSC's New Mexico office was authorized to receive service for AHS, Inc., the Court is constrained to find that service upon AHS, Inc. was not proper, and therefore AHS, Inc.'s failure to answer the complaint was due to mistake, inadvertence, surprise, or excusable neglect.

Next AHS, Inc. must demonstrate that it has a meritorious defense to the action.  To this end, AHS, Inc. contends that it is not a proper defendant and is not liable for Geter's claims because it has no ownership or control over St. Joseph Healthcare Systems, Inc.  According to the Affidavit of Stephen Petrovich (Deft's Ex. A), AHS, Inc. was a wholly owned subsidiary of Ardent Health Services, LLC, and that entity—not AHS, Inc., acquired the assets of the St. Joseph Healthcare System.  Petrovich further avers that AHS, Inc. was not a party to the purchase agreement and was not an owner of or parent corporation to St. Joseph Healthcare System.  Again, the Court must take the movant's factual allegations as true and must make all reasonable inferences in its favor.  *Olson*, 588 F.2d at 1319.  While Geter disputes the factual underpinnings of AHS, Inc.'s defense, the Court finds that genuine factual issues regarding the defense remain.  Though the Court expresses no opinion on the substantive merit of AHS, Inc.'s defense, it concludes that AHS, Inc. has made a sufficient showing of the existence of a meritorious defense for the limited purpose of this motion.

---

[1]Because Geter does not raise the issue of whether AHS, Inc. had actual knowledge of his lawsuit, the Court will not pursue that argument here.

Accordingly, *Defendant Ardent Health Services, Inc.'s Motion to Set Aside Default Judgment*

[Doc. No. 19] is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**